**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**
─────────────────────────────────────

**UNITED STATES OF AMERICA,**

          **Plaintiff,**

          **v.**                    **07-CR-134S(Sr)**

**CHAD WHITE,**

          **Defendant.**
─────────────────────────────────────

## DECISION AND ORDER

This case was referred to the undersigned by the Hon. William M. Skretny, in accordance with 28 U.S.C. § 636(b)(1), for all pretrial matters and to hear and report upon dispositive motions.

## PRELIMINARY STATEMENT

The defendant, Chad White ("the defendant"), is charged with having violated 18 U.S.C. § 2252A(a)(5)(B) in a one count indictment.  (Docket #13).  He has filed an omnibus discovery motion wherein he seeks: (1) a bill of particulars; (2) "production of *Giglio* material;" (3) production of *Jencks* material;" (4) identity of informants;" and (5) "leave to file additional motions."  (Docket #22).  At the time of oral argument of the defendant's aforesaid motions, the Court was advised that the defendant's request for "*Giglio* material: and "*Jencks* material" had been satisfied and therefore, those motions were resolved.  The remaining motions will be separately addressed herein.  The government filed its opposition to those remaining motions.

(Docket #25).


### DISCUSSION AND ANALYSIS


_____**1.    Defendant's Request For A Bill Of Particulars:**

The defendant has moved pursuant to Rule 7(f) of the Fed. R. Crim. P. for

a bill of particulars claiming that "he requires the information [sought] in order to

adequately prepare a defense and avoid surprise at trial."  (Docket #33, p. 2).  The

information sought consists of detailed information related to the "images contained on

the disk(s) which are considered child pornography as defined in 18 U.S.C.

§ 2252(8)(A) and (B)."  (Docket #22, p. 2).  The government has provided a "CD that

contains the full file and path names of the suspected child pornography found on the

defendant's computer" and has also made available "a complete CD containing the

contraband images at the U.S. Attorney's Office for defense counsel's review at

counsel's convenience."  (Docket #26, pp. 1-2).


The defendant's request is DENIED. It has become axiomatic that the

function of a bill of particulars is to apprise a defendant of the essential facts of the

crime for which he has been charged.  *United States v. Salazar,* 485 F.2d 1272, 1277-

78 (2d Cir. 1973); *cert. denied*, 415 U.S. 985 (1974); *Wong Tai v. United States*, 273

U.S. 77 (1927).  The charge in Count 1 of the Superseding Indictment, along with the

discovery materials provided or to be provided by the government as aforesaid, clearly

inform the defendant of the essential facts of the crime charged.  As a result, the

defendant is not entitled to, nor is he in need of, the "particulars" being sought for that

purpose.

> "A bill of particulars should be required only where the charges of the indictment are so general that they do not advise the defendant of the specific acts of which he is accused."  *United States v. Feola*, 651 F. Supp. 1068, 1132 (S.D.N.Y. 1987), *aff'd*, 875 F.2d 857 (2d Cir.) (mem.), *cert. denied*, _____ U.S. _____, 110 S.Ct. 110, 107 L.Ed.2d 72 (1989); *see also United States v. Leonelli*, 428 F. Supp. 880, 882 (S.D.N.Y. 1977).  "Whether to grant a bill of particulars rests within the sound discretion of the district court."  *United States v. Panza*, 750 F.2d 1141, 1148 (2d Cir. 1984) (citing *United States v. Burgin*, 621 F.2d 1352, 1358-59 (5th Cir.), *cert. denied*, 449 U.S. 1015, 101 S.Ct. 574, 66 L.Ed.2d 474 (1980)); *see also Bortnovsky*, 820 F.2d at 574.  "Acquisition of evidentiary detail is not the function of the bill of particulars."  *Hemphill v. United States*, 392 F.2d 45, 49 (8th Cir.), *cert. denied*, 393 U.S. 877, 89 S.Ct. 176, 21 L.Ed.2d 149 (1968).

*United States v. Torres*, 901 F.2d 205, 234 (2d Cir. 1990); see also United States v.

Chen, 378 F.3d 151, 163 (2d Cir. 2004); United States v. Porter, 2007 WL 4103679 (2d

Cir. 2007).


**2.      Defendant's Request For Identity Of Informants:**

The defendant asserts that "in order to prepare an adequate defense it is

necessary that informant identities be revealed so that counsel may attempt to interview

them and otherwise investigate their allegations, biases, and benefits derived from

cooperating with the government."  (Docket #22, p. 11).

In response, the government states that "this case came about as a result of an execution of a search warrant at the defendant's home" which "was not obtained by means of any unidentified cooperating person giving confidential information directed specifically at the defendant."  (Docket #25, p. 26).

Based on the government's response, the defendant's request is DENIED on the basis that it is moot.

### 3.     Defendant's Request For Permission To File Additional Motions:

The defendant requests the "right to make further motions as the factors and evidence emerge through requested disclosure."  (Docket #22, p. 14).

This Request is GRANTED subject to the limitations as contained in the aforesaid quote.

Therefore, it is hereby **ORDERED** pursuant to 28 U.S.C. § 636(b)(1) that:

This Decision and Order be filed with the Clerk of the Court.

**ANY OBJECTIONS** to this Decision and Order must be filed with the Clerk of this Court within ten (10) days after receipt of a copy of this Decision and Order in accordance with the above statute, Fed. R. Crim. P. 58(g)(2) and Local Rule 58.2.

The district judge will ordinarily refuse to consider *de novo*, arguments, case law and/or evidentiary material which could have been, but were not presented to the magistrate judge in the first instance.  *See, e.g., Patterson-Leitch Co., Inc. v. Massachusetts Municipal Wholesale Electric Co.*, 840 F.2d 985 (1st Cir. 1988).  **Failure to file objections within the specified time or to request an extension of such time waives the right to appeal the District Judge's Order**.  *Thomas v. Arn*, 474 U.S. 140 (1985); *Wesolek, et al. v. Canadair Ltd., et al.*, 838 F.2d 55 (2d Cir. 1988).

The parties are reminded that, pursuant to Rule 58.2 of the Local Rules for the Western District of New York, "written objections shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for such objection and shall be supported by legal authority."  **Failure to comply with the provisions of Rule 58.2, or with the similar provisions of Rule 58.2 (concerning objections to a Magistrate Judge's Decision and Order), may result in the District Judge's refusal to consider the objection.**

*S/ H. Kenneth Schroeder, Jr.*
**H. KENNETH SCHROEDER, JR.**
**United States Magistrate Judge**

**DATED:**      **Buffalo, New York**
              **December 12, 2008**